IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOE KEITH GATEWOOD | § | |
| | § | |
| V. | § | A-05-CA-1057-SS |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support of Application for Habeas Corpus (Document 2); Respondent's Answer (Document 12); Petitioner's response thereto (Document 13); the transcript of the August 23, 2006 hearing (Document 22); Petitioner's post-hearing brief (Document 24) and Respondent's post-hearing brief (Document 25).  Petitioner, proceeding pro se, has been granted leave to proceed *in forma pauperis*. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District of Burleson County, Texas, in cause

number 12,746.  Ex parte Gatewood, Appl. No. 61,672-01 at 59-61.  On November 5, 2003, Petitioner was charged with delivery of a controlled substance.  Id. at 10.  The indictment alleged that the delivery occurred in a drug-free zone, and it contained an enhancement paragraph alleging one prior felony conviction.  Id.  These paragraphs operated together to raise the alleged offense from a state jail felony to a second degree felony.  TEX. HEALTH & SAFETY CODE § 481.134(b); TEX. PENAL CODE § 12.42 (a)(3).  On January 26, 2004, Petitioner entered into a plea agreement with the state.  Ex parte Gatewood, Appl. No. 61,671-01 at 53-54.  He signed a judicial confession and pleaded guilty to the offense as alleged in the indictment.  Id. at 50-52, 56-57.  Petitioner also pleaded "true" to the habitual enhancement paragraph.  Id. at 59.  In accordance with the plea agreement, the trial court sentenced Petitioner to five years in prison.  Petitioner did not appeal his conviction.

Petitioner did, however, challenge his conviction in a state application for habeas corpus relief.  Petitioner executed his state application on January 17, 2005.  Id. at 1.  The trial court initially submitted the application to the Texas Court of Criminal Appeals without a hearing.  Id. at 46.  The Court of Criminal Appeals remanded the application to the trial court for an evidentiary hearing and/or affidavits.  Id. at Supp. Recd. at cover.  Defense counsel submitted an affidavit, and the trial court entered findings of fact and conclusions of law recommending that Petitioner's application be denied.  Id., at Supp. Recd. at 1-4.  The Texas Court of Criminal Appeals subsequently denied Petitioner's application without written order on the findings of the trial court without a hearing on December 7, 2005.  Id. at Supp. Recd. at cover.  Petitioner executed his federal application for writ of habeas corpus on December 17, 2005.  (Document 1 at 12).

B.    **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The State obtained his conviction by an involuntary guilty plea when he was sentenced to five years in prison on January 26, 2004; and

2. Petitioner was denied effective assistance of counsel.

C.    **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. Id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. Id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. Id. at § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

Petitioner argues the State obtained his conviction through an involuntary guilty plea. His claim is based solely on the fact that, at the time of the plea bargain, he did not know that he would have to serve a minimum of five years without eligibility for parole because his crime was committed in a drug-free zone. TEX. GOV. CODE § 508.145(e) (An inmate serving a sentence . . . under Section 481.134, Health and Safety Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals five years

4

or the term to which the inmate was sentenced, whichever is less). Petitioner contends his guilty plea was based upon the representation made to him by defense counsel that Petitioner would not have to serve a minimum amount of time before reaching parole eligibility on his sentence. (Document 2 at 2). Petitioner further contends that neither defense counsel nor the state court properly admonished him that he would have to serve a minimum of five years on his sentence before reaching parole eligibility. Id. at 5-6. Petitioner asserts that, had he known of the five year minimum, he would not have agreed to plead guilty but would have insisted on his right to a jury trial. Id. at 7. Petitioner finally argues that defense counsel's misstatement constitutes ineffective assistance of counsel and renders his guilty plea invalid. Id.

Petitioner raised this same issue in his state application for habeas corpus relief. Ex parte Gatewood, Appl. No. 61,672-01 at 16-21. The state courts rejected the merits of Petitioner's claim. Id. at 46. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make

> both showings, it cannot be said that the conviction or death sentence resulted from
> a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential.  Id. at 686-689, 104 S. Ct. 2064-65.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689, 104 S. Ct. at 2065.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (Citation omitted).  Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged.  Id. at 695-97, 104 S. Ct. at 2069.  Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 687, 104 S. Ct. at 2064.

  The two-part Strickland test also applies to guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985).  In order to demonstrate prejudice in connection with a guilty plea, a petitioner must show that there is a reasonable probability that but for counsel's errors, the petitioner would not have pled guilty but would have insisted on going to trial.  Id. at 59.  A petitioner must "affirmatively prove" prejudice.  Strickland, 466 at 693, 104 S. Ct. at 2067.  A mere allegation of

prejudice is not sufficient to satisfy the prejudice prong of the Strickland test. Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994). A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial. Carter v. Collins, 918 F.2d 1198, 1200 (5th Cir. 1990). This assessment depends in part on a prediction of what the outcome of trial might have been. Hill v. Lockhart, 474 U.S. at 56-58, 106 S. Ct. at 369-70.

In addition, a federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowingly, voluntarily, and intelligently entered. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985), cert. denied, 474 U.S. 838 (1985). For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him, and "the consequences" of a guilty plea, respectively. See United States v. Briggs, 939 F.2d 222, 227 (5th Cir. 1991); United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990), cert. denied, 498 U.S. 1093 (1991). A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect. See James v. Cain, 56 F.3d at 666, citing Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 503 U.S. 988 (1992).

With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged. See James v. Cain, 56 F.3d at 666 (holding that as long as the defendant understands the length of time he might possibly receive, he is fully aware of his plea's consequences); Spinelli v. Collins, 992 F.2d 559, 561 (5th Cir. 1993); United States v. Pearson, 910 F.2d at 223; United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990); Barbee v. Ruth, 678 F.2d

634, 635 (5th Cir. 1982), cert. denied, 459 U.S. 867 (1982). It is not necessary that a defendant be advised of all of the "collateral" consequences of his plea. See Hill v. Lockhart, 474 U.S. at 56, 106 S. Ct. at 369 (holding that the Constitution does not require that the state furnish the defendant with information on parole eligibility in order for the defendant's plea to be voluntary); see also United States v. Garcia, 636 F.2d 122 (5th Cir. 1981); United States v. Farias, 459 F.2d 738 (5th Cir. 1972). The Fifth Circuit has found parole eligibility to be a collateral consequence of a plea. Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967), cert. denied, 389 U.S. 899 (1967).

However, an attorney's incorrect advice may render a defendant's guilty plea involuntary. See Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987). The issue of whether defense counsel's misinformation constituted ineffective assistance is analyzed under the test set forth in Strickland. See Smith v. McCotter, 786 F.2d 697, 703 (5th Cir. 1986).

At Petitioner's plea hearing, the State informed the trial judge that Petitioner would not have to serve a minimum amount of time. The plea hearing transcript reflects as follows:

COURT: Does this drug-free zone affect the length of time he would have to serve before he's eligible for parole?

STATE: No, your Honor, we double checked the statute under 42.12.3(g).[2] If he had previously been convicted of a drug-free zone offense it would be considered a 3-G, but since he has not then it's not a 3-G. The only affect [sic] it has is, as I understand from reading the Government Code, any Health and Safety Code Drug-Free Zone offense he is not eligible for what is called mandatory release, mandatory supervision release. He is, however, eligible for parole with [sic] any worry about having to serve straight time.

---

[2]Under the mandatory supervision statutes, the commission of certain offenses renders inmates ineligible for release to mandatory supervision. The "disqualifying" offenses are found at TEX. CRIM. PRO. CODE ANN. Arts. 42.12 § 3(g) and TEX. GOV'T CODE ANN. § 508.149. In addition, a prisoner, who is serving a sentence for a 3(g) offense, is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one half of the maximum sentence or 30 calendar years, whichever is less.

8

| | |
|---|---|
| COURT: | Do you agree with that? |
| DEF. COUNSEL: | Yes, your Honor. |
| COURT: | Do you have any questions about that, sir? |
| DEFENDANT: | No, your Honor. |
| COURT: | All right, I'll accept the plea bargain agreement. |

Ex parte Gatewood, Appl. No. 61,672-01 at 34-35 (emphasis added).

On state habeas review, defense counsel provided her affidavit. (Document 12 at Exhibit A). Defense counsel states that she discussed with Petitioner whether the drug-free zone increased any penalty. She believes her response was similar to the response provided by the State at the plea hearing – that Petitioner would not be eligible for mandatory supervision release. Defense counsel asserts that she typically notifies her clients if an offense is "3g" or not, but she never promises any particular amount of time to be served before any parole date. Defense counsel failed to mention whether she provided Petitioner with any additional information with regard to the drug-free zone.

The state court proceeded to enter detailed findings of fact and conclusions of law. Ex parte Gatewood, Appl. No. 61,672-01 at Supp. Recd. at 2-3. The state court found that, at the plea hearing on January 26, 2004, Petitioner was admonished by the trial court and he entered his plea of guilty to the offense and true to the enhancement paragraph. Id. at 2. The state court recognized that the trial judge personally asked about the effect of the drug-free zone on Petitioner's parole eligibility and was advised by the State's attorney. Id. However, the state court found Petitioner had no questions regarding any of the matters involved in the plea. Id. The state court further found there was nothing in the record to show that Petitioner ever considered the issue of his parole eligibility in deciding to enter his plea of guilty and accept the State's plea bargain. Id. The state court

concluded that it made no representations regarding Petitioner's parole eligibility, the issue of Petitioner's parole eligibility was not a part of the plea agreement, and Petitioner's plea of guilty, even with the inaccurate legal information from the State's attorney regarding Petitioner's eligibility for parole, was entered into knowingly and voluntarily and that Petitioner was fully aware of the consequences of his plea. Id. at 3. The state court finally concluded that Petitioner's trial counsel's overall performance was reasonably effective. Id.

Although the state court issued detailed findings of fact and conclusions of law with regard to some of the issues presented in Petitioner's application for habeas corpus relief, the state court summarily concluded that counsel provided reasonably effective assistance of counsel. Id. at 3. To make this conclusion, the state court necessarily found either that counsel was not deficient or Petitioner was not prejudiced thereby. Because the misstatement of the law was confirmed by counsel during the plea hearing, the Court assumes that the state court found no prejudice. In making this finding, the state court must have determined that, had Petitioner been correctly advised regarding the effects of the drug-free zone violation, he would not have changed his plea.

Petitioner's allegations aside, the record does not make it clear whether defense counsel either misinformed or failed to inform Petitioner as to parole eligibility. Upon review of the state court's findings and conclusions, this Court determined the issue of ineffective assistance of counsel had not been adequately addressed. Accordingly, the Court held an evidentiary hearing on August 23, 2006, to further develop the facts in this case.

During the August 23, 2006 evidentiary hearing, defense counsel clearly testified she was not aware of the consequences of Section 508.145(e) of the Texas Government Code, which required Petitioner to serve five years flat time. Tr. at 9. As such, she did not advise Petitioner of that

10

consequence of his guilty plea. Instead, Petitioner was only advised as to the applicability of mandatory supervision. Tr. at 9, 11. According to counsel, had she known Petitioner would have been required to serve five years flat on a five-year sentence she would have advised him of that fact. Tr. at 11.

Defense counsel further testified the State's case against Petitioner was very strong and he had no viable defense. Tr. at 12, 21. Counsel was of the opinion that if Petitioner was convicted he would receive the maximum sentence or very close to it based on the strength of the State's case, the evidence available for the punishment phase of trial, the lack of mitigating evidence, and her previous experiences in Burleson County. Tr. at 16, 22. Counsel explains Petitioner's charge was enhanced to a second-degree felony with a punishment range of two to 20 years in the penitentiary. Tr. at 14. In addition, she explained Petitioner had other prior convictions that could have been used to enhance Petitioner's charge to a first-degree felony with a punishment range of 25 to 99 years if the State decided to re-indict him. Tr. 22.

Petitioner also testified at the August 23, 2006 hearing. According to Petitioner, had he known that he would be required to serve five years flat, he would have taken the State's offer requiring his participation in a Substance Abuse Felony Punishment Facility and deferred adjudication.[3] Tr. at 25-27, 33. He also testified, if he could go back and do it all over again, he thinks he would go to trial. Tr. at 28.

---

[3]Acceptance of the Substance Abuse Felony Program "SAFP" would have required that Petitioner wait in a county jail for a bed to become available within the program (a period of up to four to five months) after which he would be transferred to the SAFP facility for approximately one year where he would receive substance abuse treatment. See Respondent's Brief at 2; Tr. at 8-9. When discharged, he would have been required to serve ten years deferred adjudication.

The record is clear that Petitioner was not informed he would be required to serve five years flat time. However, the state court was not required to educate Petitioner as to his parole eligibility, a collateral consequence of Petitioner's guilty plea. As it was required to do, the state court informed Petitioner of the possible sentence and ensured Petitioner's plea was entered knowingly, voluntarily, and intelligently. Although the prosecution misstated the law and the state court failed to correct the misstatement, the state court did not make any guarantees as to Petitioner's parole eligibility, nor was parole a condition of the plea agreement.

Petitioner pleaded guilty to the charges as detailed in Defendant's Plea of Guilty, Waiver, Stipulation & Judicial Confession, and the plea bargain agreement signed by the Petitioner states with specificity the charges against him. Ex parte Gatewood, Appl. No. 61,672-01 at 50-54. The state court explained the maximum prison term and fine to Petitioner during the plea hearing as, "not more than twenty years or less than two years in state penitentiary and in addition a fine of up to $10,000." Ex parte Gatewood, Appl. No. 61,672-01 at 33. Petitioner responded that he understood the range of punishment. Id. Accordingly, the state court did not fail to properly admonish Petitioner regarding the nature of the charges against him or the consequences of his plea.

However, it is clear that counsel failed to properly advise Petitioner regarding the five-year minimum and did not correct the State's error at the plea hearing. Although counsel was deficient in failing to properly advise Petitioner regarding the five-year minimum, Petitioner has not met his burden of affirmatively proving prejudice as required by Hill v. Lockhart. In this case, the prejudice prong of the Strickland/Hill test depends at least partly upon whether Petitioner would have succeeded at trial. See Magnum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995).

In his petition Petitioner unambiguously alleged he would not have pleaded guilty but would have insisted upon going to trial had he been advised he would not be eligible for parole. Petitioner's testimony at the hearing was not as clear, as Petitioner equivocated during his testimony on whether he would have insisted on going to trial or whether he would have taken a different sentencing option. Given Petitioner's equivocation at the hearing and the lack of corroborating evidence to support his assertion that he would have insisted on going to trial, Petitioner's testimony was simply not credible.

As explained by Petitioner's defense counsel, Petitioner had no viable defense if he went to trial. In addition, Petitioner was a repeat offender, and the range of punishment for this particular crime was two to twenty years imprisonment – with great potential to serve more than the five years the State offered him. In all likelihood, the term Petitioner received is significantly less time than Petitioner would have received without a plea agreement.

Petitioner has not shown a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty but would have insisted on going to trial. It is immaterial whether Petitioner would have chosen the SAPF alternative, as the test is whether Petitioner would have insisted on going to trial. Thus, defense counsel's agreement with the prosecution's misstatement of law and counsel's failure to inform Petitioner he would be required to serve flat time did not prejudice Petitioner, and Petitioner's guilty plea was entered voluntarily.

Having held an evidentiary hearing and independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of November, 2006.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE